UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY T.,<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 21-cv-00005-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[ECF No. 18]** |

On January 4, 2021, Plaintiff Cindy T. ("Plaintiff") filed a complaint seeking judicial review of the denial of her application for social security disability benefits by the Commissioner of Social Security (the "Commissioner"). (ECF Nos. 1, 7.) The Commissioner filed the administrative record on September 9, 2021. (ECF No. 7.) Thereafter, Plaintiff filed a merits brief (ECF No. 13), and the Commissioner filed an opposition (ECF No. 16). On September 23, 2022, the Court granted Plaintiff's merits brief, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 17.)

Now before the Court is a joint motion for the award and payment of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs pursuant to 28 U.S.C. § 1920. (ECF No. 18.) The parties jointly ask the Court to award Plaintiff attorney fees and expenses in the amount of $7,000.00 and costs in the amount of $400. (*Id.* at 1–2.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.* at 2.)

A litigant is entitled to attorney's fees under the EAJA if: "(1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A). "A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)).

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (citation omitted) (citing *Schaefer*, 509 U.S. at 297). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 602 (9th Cir. 2007).

Here, the Court finds that the parties' joint motion is timely, Plaintiff is the prevailing party in this action, the Commissioner has not met her burden of showing her position was substantially justified or that special circumstances make an award unjust, and the

stipulated amount of fees is reasonable.[1]  Accordingly, the Court **GRANTS** the parties' joint motion and **AWARDS** Plaintiff $7,000.00 in attorney fees and expenses pursuant to the EAJA and $400.00 in costs under 28 U.S.C. § 1920.

**IT IS SO ORDERED.**

Dated:  February 9, 2023

*Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1]  *See, e.g., Juanita R. v. Kijakazi*, No. 21-cv-1296-MDD, 2023 WL 1453156, at *1 (S.D. Cal. Feb. 1, 2023) (finding $7,500 in fees and expenses reasonable after remand in the plaintiff's favor); *Darren Jeffrey C. v. Kijakazi*, No. 3:21-cv-01012-AHG, 2022 WL 17826795, at *2–4 (S.D. Cal. Dec. 20, 2022) (finding $9,400 in fees and $402 in filing costs reasonable after remand in the plaintiff's favor); *see also* ECF No. 1 ($402 filing fee paid in this case).